# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. CR-10-072-RAW |
| JANET CHRISTINE WHELAN, | |
| Defendant. | |

## ORDER

Before the court is Defendant's motion for reduction of sentence pursuant to the Second Chance Act [Docket No. 41]. Defendant requests to serve the remainder of her sentence in home detention. This court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997 ) (quoting United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997)). Because Defendant's motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, "the viability of [her] motion depends entirely on 18 U.S.C. § 3582(c)." Id. (citation omitted).

Title 18 of the United States Code, section 3582(c) provides:

The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case–

(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it

finds that–

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person to the community, as provided under section 3141(g);

and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Defendant refers to the Second Chance Act Adult Reentry Program, suggesting that this statute expressly permits the court to modify her sentence. If she is correct, § 3582(c)(1)(B) would be applicable.

The Second Chance Act, however, does not grant this court authority to reduce a defendant's sentence. Instead, it simply expands the Bureau of Prison's authority to ease the transition from prison to freedom. The Second Chance Act, codified at 42 U.S.C. §§ 17501-17555, expands the provisions in 18 U.S.C. § 3624(c). It "modified Title 18 U.S.C. §3624(c) in three notable ways: (1) it doubled the maximum prerelease RRC placement period from 6 to 12 months, (2) it required the BOP to make RCC placement decisions on an individual basis, and

(3) it required the BOP to ensure that, consistent with the factors in Section 3621(b), the duration of the RRC placement period gives the inmate the greatest likelihood of successful community reintegration." Owusu-Sakyi v. Terrell, No. 10-CV-507, 2010 WL 3154833, at *2 (E.D.N.Y. Aug. 9, 2010).

As the District of South Carolina has stated, "[t]he Second Chance Act does not empower the court to reduce sentences or change the location of where a sentence is to be served. That authority remains vested in the Bureau of Prisons." United States v. Squire, No. 3:09–502–JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). Accordingly, the defendant's motion [Docket No. 41] is hereby DENIED.

It is so ORDERED this 1st day of November, 2012.

Ronald A. White
United States District Judge
Eastern District of Oklahoma